IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

THE KAY COMPANY LLC,
a West Virginia Limited Liability Company,
HENRY W. BATTLE, ESTATE OF HENRY WILLIAM
HOFFMAN, JULIA HUTCHINSON,
JAMES L. KAY, JOHN D. KAY, JOHN F. KAY, JR.,
WM. RICHARD KAY, JR.,
ESTATE OF JESSIE K. THAYER,
BARBARA G. RANDOLPH, MILDRED KAY TRUST
FOR BENEFIT OF SARAH S. KAY and FLORENCE K. TEMPLE,

        Plaintiffs,

v.

C.A. No. _____ 2:10-0410

UNITED STATES OF AMERICA,

        Defendant.

## VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Now come the Plaintiffs herein, by counsel, in accordance with Federal Rule of Civil Procedure 65, and make and file their Verified Complaint for a temporary restraining order and injunctive relief as follows:

### Jurisdiction and Venue

1. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331, 26 U.S.C. § 7426, 28 U.S.C. 2410 and 28 U.S.C. § 1346(a)(1), for the reason that this matter arises under the Internal Revenue Code. Plaintiffs are persons who claim an interest in property which has been wrongfully levied upon and are persons other than the person who was assessed the tax liability.

3693175v1

2. Venue is proper in this Court because the subject Notices of Levy and Notice of Lien, described herein, concern properties located in the Southern District of West Virginia.

3. In accordance with Federal Rule of Civil Procedure 65 (b), (A) this Complaint sets forth specific facts which clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiffs in the absence of a temporary restraining order and before the Defendant may be heard in opposition, and (B) the Plaintiffs' counsel has certified in writing that efforts have been made to give notice to the Defendant of the Plaintiffs' intention to bring this proceeding and stated the reasons why no further notice is required. *See* Attorney Certification attached as Exhibit "A" hereto.

### The Parties

4. Plaintiff, The Kay Company, LLC, is a West Virginia Limited Liability Company, with its principal place of business in Charleston, West Virginia. Previously, The Kay Company, LLC was known as "Kay Assets, LLC." Plaintiff has not ever been known by any other name.

5. Plaintiff, The Kay Company, LLC is taxed and classified as a partnership for federal tax purposes and hereafter is referred to as "the Kay Partnership."

6. Plaintiffs Henry W. Battle, Estate of Henry William Hoffman, Julia Hutchinson, James L. Kay, John D. Kay, John F. Kay, Jr., Wm. Richard Kay, Jr., Estate of Jessie K. Thayer, Barbara G. Randolph, Mildred Kay Trust, and Florence K. Temple are each members of the Kay Partnership. Hereafter, these individuals are sometimes referred to collectively as the "Members."

7. Defendant, the United States of America, acting through the United States Treasury and the Internal Revenue Service ("IRS"), is the proper party in interest for this action.

### Facts

8. Up until October 26, 2000, the Members and other members of their family were shareholders of "The Kay Company," a West Virginia corporation. The Kay Company is not the Plaintiff limited liability company named herein.

9. Prior to October 26, 2000, one of the assets of The Kay Company was the Kay Partnership, a single-member limited liability company under West Virginia law.

10. In October 2000, the Members, along with the other shareholders of The Kay Company at the time, redeemed a portion of their shares of The Kay Company in exchange for all the member interests in The Kay Partnership (the "Redemption"). As a result of the Redemption, The Kay Company had no further interest whatsoever in the Kay Partnership.

11. After such Redemption, The Kay Company had assets with a value of approximately $8,806,690, consisting of marketable securities.

12. On October 26, 2000, the Members, along with the other shareholders of The Kay Company, sold their remaining shares of The Kay Company in an arms-length sale to First Union National Bank, as Trustee of an entity known as CMD Statutory Trust, a Connecticut statutory trust (the "Stock Sale"). (Neither CMD Statutory Trust nor any of its owners has any affiliation with Plaintiffs, nor has there ever been such an affiliation.).

13. In connection with the Stock Sale, the former shareholders of The Kay Company resigned all positions they held as officers and directors of the company and discontinued any involvement with it. Shortly thereafter, The Kay Company, a West Virginia corporation, changed its name to "CMD Company," a West Virginia corporation (hereinafter referred to as "CMD.")

14. The interests in the Kay Partnership that were received in connection with the Redemption and the cash that was received in connection with the Stock Sale are hereafter referred to as the "Assets." Plaintiffs declared any gain related to the Assets and paid taxes thereon.

15. Effective May 9, 2001, public records with the West Virginia Secretary of State evidence that CMD terminated its existence.

16. On or about June 17, 2008, the IRS issued Notices of Proposed Assessment to each of the Members. In such Notices, the IRS alleged that CMD had certain unpaid tax liabilities arising from activities that occurred after the Stock Sale, and sought to collect such unpaid tax from the Members of the Kay Partnership under a "transferee liability" theory.

17. In support of its "transferee liability" theory, the IRS maintained that the Redemption and Stock Sale should be re-characterized as "liquidating distributions" of CMD that were received by the Members. The IRS asserted that, under this re-characterization, transferee liability resulted because CMD, as the "transferor," had liquidated and transferred its interest in the Kay Partnership and the proceeds of its remaining assets to the Members (the "transferees"). *See e.g.,* Transferee Report for John F. Kay, Jr., as representative of the Transferee Reports submitted to all the Members, at pages 49-50, attached hereto as Exhibit "B."

18. In order to assert "transferee liability," the IRS was required by law to assert, and the IRS did in fact represent that CMD, as the transferor, was made insolvent by these "liquidating distributions" and was therefore unable to pay its tax obligations. As a result, the IRS contended that the unpaid tax could be collected from the Members, as transferees, up to the total amount received by the Members in these "liquidating distributions." *See* Exhibit B, pages

56-58 ; Letter of IRS Appeals Officer David Nelms, dated August 10, 2009, attached hereto as Exhibit "C."

19. In order to assert "transferee liability," the IRS was required by law to prove that it had exhausted all available remedies to collect the tax from the transferor, and the IRS did in fact represent that it had exhausted all reasonable efforts to collect the tax from the transferor and that further collection efforts would be futile. *See* Exhibit C.

20. The Members disputed the IRS's proposed assessment of transferee liability; however, after weighing the costs and risk associated with litigation, the Members agreed to a full and final settlement with the IRS during its administrative appeal, which was in complete satisfaction of all unpaid tax liability associated with the Assets (hereafter, "the Settlement"). *See* Closing Agreement on Final Determination Covering Specific Matters, between John F. Kay, Jr. and IRS, as representative of agreements between the IRS and each of the other Members, attached hereto as Exhibit "D." The Settlement was based on the assets received by the Members in connection with the Redemption and Stock Sale.

21. In deciding to enter into the Settlement, the Members relied on the representations made by the IRS in presenting its case, including, among other things, the IRS's characterization of the transaction and IRS's collection efforts against the transferor.

22. Notwithstanding the Settlement, on or about March 8, 2010, the IRS issued and served a "Notice of Levy" upon Citigroup Global Markets, Inc. for the purpose of levying upon a money market account of the Kay Partnership "*as successor corporation/alter ego/nominee* [of] …CMD Company, formerly known as The Kay Company." The subject account is a book-entry mutual fund account which is domiciled and managed out of the office of Morgan Stanley Smith Barney in Charleston, West Virginia. More specifically, the account is made up of non-

certificated shares which must be liquidated in order to be paid. The account is stored on multiple electronic servers which are located in multiple geographic locations for security and data protection purposes. Nevertheless, the persons who have primary responsibility for access to this account, to liquidate it, or to implement transactions which affect this account are located in Charleston, West Virginia. Charleston, West Virginia, is the primary contact point for the customer where the customer may meet with representatives, give instructions, and request and receive checks in payment on the account. Most significantly, for purposes of any levy upon the account, the levy would have to be executed upon the account in Charleston, West Virginia.

23. Also, on or about March 8, 2010, the IRS issued Notices of Levy upon Black King Mine Development Company, Catenary Coal Company, Gilbert-PLC Lumber Company, Eastern American Energy Corporation, and Equitable Production Company for the purpose of levying upon royalties due to the Kay Partnership *"as successor corporation/alter ego/nominee* of The Kay Company of: CMD Company, formerly known as The Kay Company." Upon information and belief, these Notices of Levy were not served until March 25, 2010.

24. The foregoing Notices of Levy are attached hereto as Exhibit "E" and referred to hereinafter as the "Notices of Levy."

25. Also, on or about March 9, 2010, the IRS filed with the Kanawha County Commission a "Notice of Federal Tax Lien Filing—Nominee or Alter-Ego" upon the assets of the Kay Partnership *"as successor corporation/alter ego/nominee* of CMD Company, formerly known as The Kay Company." See Notice of Federal Tax Lien Filing—Nominee or Alter-Ego attached hereto as Exhibit "F" (hereafter, the "Notice of Lien").

26. As set forth above, the Kay Partnership is not the successor to, nor an affiliate of, CMD.

3693175v1

27. The Kay Partnership does represent, for all intents and purposes, the Assets upon which the IRS has already assessed tax liability through the Settlement.

28. On or about March 10, 2010, counsel for the Kay Partnership notified the issuing revenue officer, David Ross, that the IRS was inaccurate in its designation of the partnership as the debtor/taxpayer. *See* Letter dated March 10, 2010, attached hereto as Exhibit "G." Nevertheless, the IRS has not withdrawn, and continues to pursue, both the Notices of Levy and the Notice of Lien against the Assets.

## COUNT I:
## TEMPORARY RESTRAINING ORDER TO QUASH THE NOTICES OF LEVY AND THE NOTICE OF LIEN

29. Plaintiffs re-allege and incorporate herein each of the foregoing paragraphs 1-28 as if set forth verbatim herein.

30. Both the Notices of Levy and Notice of Lien lack any legal merit whatsoever. The Notices of Levy constitute a wrongful levy by the IRS under 26 U.S.C. § 7426, and title to the properties which are the subject of the Notice of Lien should be quieted pursuant to 28 U.S.C. § 2410, for the following reasons:

(a) The Kay Partnership is not the taxpayer/debtor who is liable for unpaid tax liabilities of CMD. Nor is the Kay Partnership a "successor, alter ego or nominee" of CMD;

(b) The Kay Partnership is representative of the very Assets upon which the IRS assessed taxes previously via the Settlement paid by the Members. Thus, the Notices of Levy and Notice of Lien are waived and fully satisfied as a matter of law by virtue of the Settlement; and

(c) The IRS is estopped from asserting such claims because it made misrepresentations to Plaintiffs upon which the Plaintiffs reasonably relied, resulting in detriment

to Plaintiffs. The IRS is estopped for various reasons, including, but not limited to, the following:

(i) In connection with the Settlement, the IRS treated the Kay Partnership as an asset of CMD (the transferor) that was transferred to the Members (the transferees) and claimed that the Members were thus liable for the unpaid tax of CMD. The Members entered into the Settlement with the IRS based on the IRS's characterization of such transaction and its representations regarding its evidence and legal theories in support of same. Now, however, the IRS is advancing a different and entirely inconsistent theory, contending that the Kay Partnership is not what was transferred (as the IRS earlier argued), but that the Kay Partnership is somehow the alter ego or nominee of CMD and is thus the transferor. The IRS may not take such inconsistent positions in its enforcement of tax laws and thus is estopped from collecting the assets of the Kay Partnership.

(ii) In connection with the Settlement, the IRS asserted that it had satisfied one of the prerequisites for asserting transferee liability: that all efforts to collect the tax from the transferor had been made and that further collection efforts would be futile. The Members entered into the Settlement with the IRS based, in part, on the IRS's representation in this regard. Now, however, the IRS is attempting to assert that the Kay Partnership is, in fact, the transferor. This position is entirely inconsistent with the earlier representations and legal theories made by the IRS and upon which the Members relied in entering into the Settlement. Therefore, the IRS is estopped from collecting the assets of the Kay Partnership.

(iii) The IRS, through the Settlement, represented to the Members that no further tax liability was due. The Members relied upon that representation to their detriment and paid nearly $2,000,000 in full and complete satisfaction of any liability that was due. To allow the IRS to

now come back and target the other assets of the Members –the very individuals with whom it had entered into the Settlement –is, at the very least, bad faith, and at worst, the perpetration of fraud. Therefore, the IRS is estopped from collecting the assets of the Kay Partnership.

31. A temporary restraining order is warranted under Federal Rule of Civil Procedure 65, without further notice to the IRS, because the Notices of Levy require each of the entities addressed therein to liquidate assets of the Kay Partnership to pay the sum of $5,719,255.72 on April 7, 2010. At least Morgan Stanley Smith Barney has indicated to counsel for Plaintiffs that it will pay such sum unless a Court order issues to quash the Notice of Levy prior to such time.

32. In the absence of an order quashing the Notices of Levy and Notice of Lien, the facts set forth herein and the Exhibits attached hereto clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiffs before the IRS may be heard in opposition.

33. Plaintiffs have, through their counsel, given notice to the IRS regarding their intentions to seek this temporary restraining order. *See* Exhibit "A."

34. Plaintiffs are otherwise likely to succeed on the merits and are likely to suffer irreparable harm in the absence of preliminary relief. Further, the balance of equities tip in Plaintiffs' favor and an injunction is in the public interest.

WHEREFORE, Plaintiffs request this Court to enter a Temporary Restraining Order which quashes the Notices of Levy and the Notice of Lien, to schedule a hearing at the earliest possible time, to consider issuance of a preliminary injunction, both quieting title and enjoining the IRS from attempting to levy further upon the Assets or other assets of Plaintiffs in the future to satisfy unpaid tax liabilities of CMD, and to award such other and further relief as justice

requires, including, but not limited to, attorneys fees and costs of this action in accordance with 26 U.S.C. §7426(h) and 28 U.S.C. §2412.

## COUNT II:
### INJUNCTIVE RELIEF TO QUIET TITLE AND ENJOIN THE IRS FROM ATTEMPTING TO LEVY FURTHER ON PLAINTIFFS' ASSETS IN SATISFACTION OF LIABILITIES OWED BY THE KAY COMPANY AND/OR CMD

35. Plaintiffs re-allege and incorporate herein each of the foregoing paragraphs 1-34 as if set forth verbatim herein.

30. Both the Notices of Levy and Notice of Lien lack any legal merit whatsoever. The Notices of Levy constitute a wrongful levy by the IRS under 26 U.S.C. § 7426, and title to the properties which are the subject of the Notice of Lien should be quieted pursuant to 28 U.S.C. § 2410, for the following reasons:

(a) The Kay Partnership is not the taxpayer/debtor who is liable for unpaid tax liabilities of CMD. Nor is the Kay Partnership a "successor, alter ego or nominee" of CMD; and

(b) The Kay Partnership is representative of the very Assets upon which the IRS assessed taxes previously via the Settlement paid by the Members. Thus, the Notices of Levy and Notice of Lien are waived and fully satisfied as a matter of law by virtue of the Settlement; and

(c) The IRS is estopped from asserting such claims because it made misrepresentations to Plaintiffs upon which the Plaintiffs reasonably relied, resulting in detriment to Plaintiffs. The IRS is estopped for various reasons, including, but not limited to, the following:

(i) In connection with the Settlement, the IRS treated the Kay Partnership as an asset of CMD (the transferor) that was transferred to the Members (the transferees) and claimed that

the Members were thus liable for the unpaid tax of CMD. The Members entered into the Settlement with the IRS based on the IRS's characterization of such transaction and its representations regarding its evidence and legal theories in support of same. Now, however, the IRS is advancing a different and entirely inconsistent theory, contending that the Kay Partnership is not what was transferred (as the IRS earlier argued), but that the Kay Partnership is somehow the alter ego or nominee of CMD and is thus the transferor. The IRS may not take such inconsistent positions in its enforcement of tax laws and thus is estopped from collecting the assets of the Kay Partnership.

(ii) In connection with the Settlement, the IRS asserted that it had satisfied one of the prerequisites for asserting transferee liability: that all efforts to collect the tax from the transferor had been made and that further collection efforts would be futile. The Members entered into the Settlement with the IRS based, in part, on the IRS's representation in this regard. Now, however, the IRS is attempting to assert that the Kay Partnership is, in fact, the transferor. This position is entirely inconsistent with the earlier representations and legal theories made by the IRS and upon which the Members relied in entering into the Settlement. Therefore, the IRS is estopped from collecting the assets of the Kay Partnership.

(iii) The IRS, through the Settlement, represented to the Members that no further tax liability was due. The Members relied upon that representation to their detriment and paid nearly $2,000,000 in full and complete satisfaction of any liability that was due. To allow the IRS to now come back and target the other assets of the Members –the very individuals with whom it had entered into the Settlement –is, at the very least, bad faith, and at worst, the perpetration of fraud. Therefore, the IRS is estopped from collecting the assets of the Kay Partnership.

37. Injunctive relief is warranted under Federal Rule of Civil Procedure 65. Plaintiffs are likely to succeed on the merits and are likely to suffer irreparable harm in the absence of preliminary relief. Further, the balance of equities tip in Plaintiffs' favor and an injunction is in the public interest.

WHEREFORE, Plaintiffs request this Court to enter a Preliminary Injunction, and ultimately, a Permanent Injunction to preclude the IRS from further attempting to levy upon the Assets and/or other assets of Plaintiffs for the purpose of satisfying any tax liability of CMD, to enter an order which quiets title to the Assets, and to award such other and further relief as justice requires, including, but not limited to, attorneys fees and costs of this action in accordance with 26 U.S.C. §7426(h) and 28 U.S.C. §2412.

## COUNT III:
## ACTION TO QUIET TITLE

38. Plaintiffs re-allege and incorporate herein each of the foregoing paragraphs 1-37 as if set forth verbatim herein.

39. The Notices of Lien lacks any legal merit whatsoever, and title to the properties which are the subject of the Notice of Lien should be quieted pursuant to 28 U.S.C. § 2410, for the following reasons:

(a) The Kay Partnership is not the taxpayer/debtor who is liable for unpaid tax liabilities of CMD. Nor is the Kay Partnership a "successor, alter ego or nominee" of CMD; and

(b) The Kay Partnership is representative of the very Assets upon which the IRS assessed taxes previously via the Settlement paid by the Members. Thus, the Notice of Lien is waived and fully satisfied as a matter of law by virtue of the Settlement; and

(c) The IRS is estopped from asserting such claims because it made misrepresentations to Plaintiffs upon which the Plaintiffs reasonably relied, resulting in detriment

to Plaintiffs. The IRS is estopped for various reasons, including, but not limited to, the following:

(i) In connection with the Settlement, the IRS treated the Kay Partnership as an asset of CMD (the transferor) that was transferred to the Members (the transferees) and claimed that the Members were thus liable for the unpaid tax of CMD. The Members entered into the Settlement with the IRS based on the IRS's characterization of such transaction and its representations regarding its evidence and legal theories in support of same. Now, however, the IRS is advancing a different and entirely inconsistent theory, contending that the Kay Partnership is not what was transferred (as the IRS earlier argued), but that the Kay Partnership is somehow the alter ego or nominee of CMD and is thus the transferor. The IRS may not take such inconsistent positions in its enforcement of tax laws and thus is estopped from collecting the assets of the Kay Partnership.

(ii) In connection with the Settlement, the IRS asserted that it had satisfied one of the prerequisites for asserting transferee liability: that all efforts to collect the tax from the transferor had been made and that further collection efforts would be futile. The Members entered into the Settlement with the IRS based, in part, on the IRS's representation in this regard. Now, however, the IRS is attempting to assert that the Kay Partnership is, in fact, the transferor. This position is entirely inconsistent with the earlier representations and legal theories made by the IRS and upon which the Members relied in entering into the Settlement. Therefore, the IRS is estopped from collecting the assets of the Kay Partnership.

(iii) The IRS, through the Settlement, represented to the Members that no further tax liability was due. The Members relied upon that representation to their detriment and paid nearly $2,000,000 in full and complete satisfaction of any liability that was due. To allow the IRS to

now come back and target the other assets of the Members –the very individuals with whom it had entered into the Settlement –is, at the very least, bad faith, and at worst, the perpetration of fraud. Therefore, the IRS is estopped from collecting the assets of the Kay Partnership.

WHEREFORE, Plaintiffs request this Court to enter an Order quieting title to the property which is the subject of the Notice of Lien (incorporated herein) to preclude the IRS from further attempting to place a lien upon the Assets and/or other assets of Plaintiffs for the purpose of satisfying any tax liability of CMD and to award such other and further relief as justice requires, including, but not limited to, attorneys fees and costs of this action in accordance with 28 U.S.C. §2412.

> THE KAY COMPANY LLC, HENRY W. BATTLE, ESTATE OF HENRY WILLIAM HOFFMAN, JULIA HUTCHINSON, JAMES L. KAY, JOHN D. KAY, JOHN F. KAY, JR., WM. RICHARD KAY, JR., ESTATE OF JESSIE K. THAYER, BARBARA G. RANDOLPH, MILDRED KAY TRUST FOR BENEFIT OF SARAH S. KAY and FLORENCE K. TEMPLE,
>
> **By Counsel**

/s/ Maria W. Hughes
Maria W. Hughes (WVSB #7298)
Craig Kay (WVSB # 4965)
KAY CASTO & CHANEY PLLC
PO Box 2031
Charleston, WV 25327-2031
(304) 345-8900; (304) 345-8909
mhughes@kaycasto.com
ckay@kaycasto.com

3693175v1