# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

THE KAY COMPANY, LLC, et al.,

        Plaintiffs,

v.                                CIVIL ACTION NO. 2:10-cv-00410

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States' Motion to Strike Jury Demand [Docket 38]. For the reasons set forth below, this motion is **GRANTED**.

On March 29, 2010, Plaintiffs initiated this action against the Government alleging that the Internal Revenue Service illegally assessed taxes against them.[*] In the amended complaint, Plaintiffs demand a jury trial. (Docket 12 at 21.) The Government filed the motion to strike Plaintiffs' jury demand on June 1, 2010. To date, no response has been filed.

Plaintiffs are not entitled to a jury trial for its claims relating to the relevant tax liability. "[T]he Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).

Plaintiffs allege that the Government illegally assessed the tax against them in violation of 28 U.S.C. § 1346(a)(1). Actions against the United States under § 1346 are tried without a jury, except actions against the United States under § 1346(a)(1) are tried by a jury at the request of either

---

[*] The background and procedural history of this case is more fully stated in the Court's Memorandum Opinion and Order of March 3, 2011, granting injunctive relief to Plaintiffs. (Docket 88.)

party. 28 U.S.C. § 2402. However, Plaintiffs claims do not fall under subsection (a)(1). An action under subsection (a)(1) is for recovery from payment of the illegal tax. The individual Plaintiffs, as a part of closing agreements with the Government, did make payments concerning this tax liability. However, Plaintiffs are not currently asking to recover those payments—they are asking the Court to enjoin the Government from further collecting any liability related to that which was settled in the closing agreements. Therefore, Plaintiffs are not entitled to have the case heard by a jury under § 1346.

Plaintiffs also invoke this Court's jurisdiction under 26 U.S.C. § 7426, which provides parties an avenue to bring wrongful levy actions against the United States. The Court has original jurisdiction of a § 7426 claim pursuant to 28 U.S.C. 1346(e). Again, actions under § 1346 are tried without a jury. Thus, Plaintiffs' claims under § 7426 are not entitled to be heard by a jury.

Plaintiffs also seek, under 28 U.S.C. § 2410, to quiet title to several of its properties currently subject to liens by the Government. There is no right to trial by jury addressed in § 2410. As there is no right to trial by jury under the Constitution or any statute granting this right in a § 2410 action, Plaintiffs are not entitled to have this case heard by a jury. *Luxton v. State Farm Life Ins. Co.*, No. 00-2246, 20001 WL 933394 (D. Minn. 2001).

Pursuant to the foregoing analysis, the Court **GRANTS** the United States' Motion to Strike Jury Demand [Docket 38].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

       ENTER:  March 15, 2011

2

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE