# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

THE KAY COMPANY, LLC, et al.,

        Plaintiffs,

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:10-cv-00410

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States' Motion to Dismiss Individual Plaintiffs [Docket 36]. For the reasons set forth below, this motion is **DENIED**.

On March 29, 2010, Plaintiffs initiated this action against the Government alleging that the Internal Revenue Service illegally assessed taxes against them.[*] The Plaintiffs in this matter include The Kay Company, LLC ("the LLC"); the estate of Henry W. Battle; Henry William Hoffman; Julia Hutchinson; James L. Kay; John D. Kay; John F. Kay Jr.; the estate of Wm. Richard Kay Jr.; Jessie K. Thayer; Barbara G. Randolph; the Mildred Kay Trust; Sarah S. Kay; and Florence K. Temple. The Government argues that the LLC, is the "only proper plaintiff in this action," and that "the individual Plaintiffs lack prudential standing and none of the statutes cited by Plaintiffs provide the Court with subject matter jurisdiction." (Docket 39 at 1.) The Government filed the motion to dismiss the individual Plaintiffs pursuant to Federal

---

[*] The background and procedural history of this case is more fully stated in the Court's Memorandum Opinion and Order of March 3, 2011, granting injunctive relief to Plaintiffs. (Docket 88.)

Rule of Civil Procedure 12(b)(1) on June 1, 2010. Plaintiffs responded to the motion on June 15, 2010, (Docket 42), to which the Government replied on June 22, 2010, (Docket 43).

## I. APPLICABLE LAW

The jurisdiction of federal courts is limited to actual cases and controversies. U.S. Const. art. III. The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A party has standing when it is the proper party to bring a matter to the court for adjudication. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490 (1975). When ruling on a motion to dismiss for lack of subject matter jurisdiction, a district court is permitted to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredricksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted). The burden of proving subject matter jurisdiction rests with the plaintiff, and the district court must apply the summary judgment standard "under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citations omitted).

District courts have jurisdiction over civil actions against the United States involving property that was wrongfully levied. 26 U.S.C. § 7426; 28 U.S.C. § 1346(e). Section 7426 provides an avenue for "persons other than taxpayers" to bring a civil action against the United States to correct a wrongful levy. Section 1346 also states that district courts have "original jurisdiction" over civil actions against the United States under § 7426.

## II. ANALYSIS

The individual Plaintiffs have standing if they have an interest in the property that is subject to the tax lien at issue. To determine whether the individual Plaintiffs have rights to the property at issue, the Court "must look to state law." *Aquilino v. United States*, 363 U.S. 509, 513 (1960). Under West Virginia law, members of an LLC have a property interest in the LLC upon dissolution. W. Va. Code § 31B-8-806; *State v. Frasher*, 265 S.E.2d 43 (W. Va. 1980). Additionally, distributional interests of members of an LLC are considered personal property. W. Va. Code § 31B-5-501. Here, the individual Plaintiffs are members of the LLC and obviously have interests in the property as such. The property at issue was subject to a federal tax lien. Additionally, the Court has entered a preliminary injunction prohibiting the Government from further levying upon the assets of the LLC. Therefore, the Court has jurisdiction over the individual Plaintiffs' claims under 26 U.S.C. § 7426 and 28 U.S.C. § 1346(e).

Moreover, the Court notes that the Government's position on the status of the individual Plaintiffs changes drastically whenever it suits them. On the one hand, the Government argues that the individual Plaintiffs have no standing to sue because the matter only concerns the LLC. On the other hand, the Government argues that the LLC, an entity comprised of the individual Plaintiffs as members, is the nominee, alter-ego, or successor of CMD, and therefore liable for the tax under a transferee theory. Again, the Government cannot have it both ways and act in such a duplicitous manner. Furthermore, this matter concerns a tax liability that was settled through the closing agreements that the individual Plaintiffs made with the IRS. The individual Plaintiffs thought this matter was settled with finality, and now, several years later, have to stand up to the IRS in court.

Further, closing agreements are to be interpreted as contracts. *LaRosa's Intern. Fuel Co. Inc. v. United States*, 73 Fed. Cl. 625, 628 (2006). Generally, under contract law, third parties may maintain an action if they are in privity with one another. "[P]rivity 'is merely a word used to say that the relationship

between the one who is a party on the record and another is close enough to include that other within res judicata.'" *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005). Also, closing agreements "bind[] a transferee of the party to the closing agreement, in a manner analogous to the way res judicata binds a transferee to a prior judicial decision in which the transferor was a party . . . . [I]f it is established that petitioner is a transferee or successor transferee, he is in privity with the transferor as a matter of law." *Pert v. Comm'r*, 105 T.C. 370, 376 (1995). The individual Plaintiffs and the LLC are so closely intertwined that it is proper that they are a part of this suit. As a part of this proceeding, the individual Plaintiffs can protect any interests they have in settling this dispute with the Government regarding a tax liability that the individual Plaintiffs believed had previously been resolved. Furthermore, the Government insists that the LLC is liable under a transferee liability theory. Under this theory, the individual Plaintiffs, as the original shareholders of The Kay Company, would be the original transferors. Therefore, the individual Plaintiffs are in privity with the LLC, and it is proper that their claims are before this Court.

### III. CONCLUSION

Pursuant to the foregoing analysis, the Court **DENIES** the United States' Motion to Dismiss Individual Plaintiffs [Docket 36].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 30, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE